IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA K. GOOLSBY PLAINTIFF

v. Civil No. 2:26-CV-02038-TLB-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Presently before the Court is Plaintiff's Motion for Attorney Fees filed August 18, 2026. (ECF No. 15). Plaintiff seeks an award of fees and costs pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), in the amount of $6,347.90, for a total of 24.7 attorney hours in 2026 at an hourly rate $257.00. (ECF Nos. 15, 15-1, 15-2, 16). The Motion was referred to the undersigned for report and recommendation on August 19, 2026. (ECF No. 17). On August 21, 2026, the Commissioner filed a response voicing no objections to Plaintiff's Motion. (ECF No. 18).

**I. Discussion**

It is the opinion of the undersigned that Plaintiff is entitled to the requested fee award in this case. The Commissioner does not contest that Plaintiff is a prevailing party and the position advanced by the Commissioner in this Court was not substantially justified. (ECF No. 18, pp. 1-2). Nor does the Commissioner contest the requested hourly rate and the time spent by Plaintiff's attorney for her work in this Court. (ECF No. 18, pp. 1-2; ECF Nos. 15-1, 15-2). It was upon the Commissioner's unopposed motion that Plaintiff obtained a favorable judgment reversing and remanding this case under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. (ECF Nos. 11-14). For these reasons, the undersigned finds Plaintiff is a prevailing

party and the position advanced by the Commissioner in opposition to Plaintiff's complaint was not substantially justified. *See Schaefer v. Shalala*, 509 U.S. 292, 300 (1993) (obtaining a sentence-four judgment reversing the denial of benefits satisfies "prevailing party" requirement); *see also Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (noting it is the Commissioner's burden to show substantial justification for the denial of benefits).

In addition, the undersigned has considered the relevant factors and finds the request for attorney fees is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (court may determine an hourly rate exceeding the statutory cap of $125 is justified by an increase in the cost of living); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (acknowledging U.S. Department of Labor's CPI as a benchmark for determining whether increase in EAJA hourly rate is justified); General Order 39 (standing Order allowing enhanced hourly rates based on CPI-South for December of the previous relevant year). Accordingly, the undersigned finds that Plaintiff is entitled to an attorney fee award under the EAJA in the amount of $6,347.90.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, if Plaintiff has executed a valid assignment to her attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**II. Conclusion**

Accordingly, the undersigned RECOMMENDS awarding Plaintiff the sum of **$6,347.90** for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED on this 28th day of August 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE